**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**TIM MARQUIS**                                                                                       **PLAINTIFF**

V.                                    **CASE NO.: 4:10CV01205 BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tim Marquis brings this action for review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). For reasons that follow, the decision of the Administrative Law Judge ("ALJ") is reversed and remanded.[1]

**I.     Procedural History:**

Mr. Marquis filed his application for SSI on July 5, 2007. He alleged disability since June 1, 2005, due to chronic obstructive pulmonary disease, amputation of the right thumb, fatigue, chronic pain, and obesity. (Tr. 82-86, 93, 104, 121)

After the Commissioner denied his applications at the initial and reconsideration stages of administrative review, Mr. Marquis requested a hearing before an ALJ. The

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket entry #5)

ALJ held a hearing on January 13, 2010, and Mr. Marquis appeared with his attorney, Michael Sherman. (Tr. 22-34)

At the time of the hearing, Mr. Marquis was a 47-year-old with a high school education. He was 5'7" tall and weighed approximately 245 pounds.

Mr. Marquis and vocational expert Vance Sales testified at the hearing. On March 5, 2010, the ALJ issued a decision denying Mr. Marquis benefits. (Tr. 10-17) The Appeals Council denied Mr. Marquis's request for review on August 30, 2010. (Tr. 1-5) He filed the current Complaint for Review of Decision (docket entry #2) on September 10, 2010.

## II.    Decision of the Administrative Law Judge:

The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work[2]; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g).

---

[2] If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied. 20 C.F.R. § 416.920(a)(4)(iv).

The ALJ found that Mr. Marquis had not engaged in substantial gainful activity since the onset of his alleged disability and that his chronic obstructive pulmonary disease ("COPD") and obesity were severe impairments. (Tr. 12) According to the ALJ's findings, Mr. Marquis did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12)

The ALJ determined that Mr. Marquis retained the residual functional capacity ("RFC") to perform less than a full range of light work.[3] (Tr. 12-16) At step four, the ALJ found that Mr Marquis could perform his past relevant work as a Sales Clerk or Gate Attendant. (Tr. 16)

## III.   Analysis:

### A.   *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the administrative record to support the decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009), and 42 U.S.C. § 405(g). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007).

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

In reviewing the record as a whole, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports the decision, but the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009)(quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

B.   *Plaintiff's Arguments*

Mr. Marquis claims the findings of the ALJ are not supported by substantial evidence because: (1) the ALJ erred in rejecting a lay witness statement without comment; (2) the ALJ erred in his RFC determination; and (3) the ALJ erred in finding that Mr. Marquis could perform past relevant work that he never performed. (#14)

C.   *Lay Witness Statement*

Mr. Marquis's stepfather, Wayne Yates, provided a third-party function report in support of Mr. Marquis's claims. (Tr. 130-139)  Mr. Marquis argues that the ALJ erred by rejecting the report without comment. In furtherance of his argument, Mr. Marquis appears to equate the form filled out by his stepfather to sworn testimony provided during an administrative hearing. (#14, p. 11-12)

Mr. Marquis's wife, Shannon, completed Mr. Marquis's function reports. (Tr. 96-103; 140-149)[4]  Mr. Marquis's and Mr. Yates's reports provide almost identical

---

[4] Two separate, virtually identical reports appear in the record.

information. Mr. Marquis also testified under oath at the administrative hearing. (Tr. 24-34) No other witnesses appeared or testified on Mr. Marquis's behalf.

The ALJ did not specifically address Mr. Yates's function report in the administrative decision. He did, however, acknowledge one of Mr. Marquis's function reports. (Tr. 15) The ALJ also discussed Mr. Marquis's testimony, which largely mirrored the function reports. (Tr. 13-14) The ALJ ultimately found Mr. Marquis's allegations less than fully credible. (Tr. 14) Mr. Marquis does not challenge the ALJ's credibility finding.

There was no error in the ALJ's failure to specifically address Mr. Yates's report. Mr. Yates did not testify under oath or submit evidence not found elsewhere in the record. The report was duplicative of the allegations addressed by the ALJ. Had the ALJ failed to address the essential content of the report, Mr. Marquis would have a stronger argument. That was not the case here.

    D.    *Residual Functional Capacity*

The ALJ bears the initial responsibility for assessing a claimant's RFC. *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). It is the claimant's burden, however, to prove RFC. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010).

Mr. Marquis's RFC is what he can do despite his limitations. 20 C.F.R. § 416.945. In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that a claimant can perform

in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).  The ALJ must determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

Mr. Marquis argues that the ALJ erred in his RFC determination.  (#14, p. 12-13)  Specifically, he argues that the ALJ's finding that he was limited to light work is inconsistent with the finding that he could stand or walk no more than two hours.  (Tr. 12, 16)

The ALJ found that Mr. Marquis could "lift no more than 10 pounds frequently and 20 pounds occasionally while sitting no more than 6 hours in an 8 hour day and standing and or walking, no more than 2 hours."  (Tr. 16)  The Commissioner argues that the ALJ's finding is "best understood as a finding that Plaintiff could stand and walk no more than two hours *at a time*."  (#15, p. 6) (emphasis added)  It appears, however, that the ALJ was discussing Mr. Marquis's ability to stand or walk in an eight-hour day, not his ability to stand or walk at one time, as argued by the Commissioner.  This finding is the only place in the record where the ALJ makes a standing or walking determination.  In a separate part of the administrative decision, and when questioning the vocational expert at the hearing, the ALJ found that Mr. Marquis could perform light work.  (Tr. 12, 27)

6

There was no comment regarding standing or walking accompanying the light work findings.

Mr. Marquis's ability to stand and walk was one of the central issues in this case. While the record does not support a finding of disability, substantial evidence does not support the contradictory RFC findings. If the ALJ's two hour restriction represented Mr. Marquis's one-time ability, he failed to discuss Mr. Marquis's ability to stand and walk in an eight-hour day. If the ALJ's two-hour restriction related to an eight-hour day, the finding is inconsistent with light work as it is generally performed. See Social Security Ruling 83-10 ("Relatively few unskilled light jobs are performed in a seated position . . . the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours on an 8-hour workday.").

On remand, the ALJ must make an unambiguous finding regarding Mr. Marquis's ability to stand and walk in an eight-hour workday. The ALJ should then relate Mr Marquis's standing and walking ability to an appropriate level of work.

E.   *Past Relevant Work*

Mr. Marquis argues that the ALJ erred in finding that he could perform past relevant work that he never performed. (#14, p. 14-15) The Commissioner appears to concede the error, but argues that the vocational expert's testimony supported a finding of "not disabled" at step five. (#15, p. 10)

The ALJ found at step four that Mr. Marquis could perform past relevant work as a Sales Clerk or Gate Attendant. (Tr. 16)  Mr. Marquis never worked, however, as a Gate Attendant.  (Tr. 106)  Moreover, his brief employment as a Sales Clerk was not past relevant work.

"Past relevant work" is work performed by a claimant within the past fifteen years. 20 C.F.R. § and 416.960(b).  To qualify as past relevant work, earnings from the job must rise to the level of substantial gainful activity.  *Id.*  Mr. Marquis stated that he worked as a Stocker/Sales Clerk in 1999.  (Tr. 106)  During that year, Mr. Marquis earned a total of $132.  (Tr. 90)  For this to qualify as substantial gainful activity, Mr. Marquis would have to have earned at least $500.00 per month.  See 20 C.F.R. § and 416.974(b) (the first half of 1999 required average monthly earnings of more than $500 per month and from July 1999 forward, average monthly earnings of more than $700 per month).  Clearly, the ALJ erred in making a step four finding that Mr. Marquis could perform nonexistent past relevant work.

The Commissioner appears to argue that this error was harmless, as the vocational testimony supported a step five finding of "not disabled."  This argument could prevail if the ALJ had related an adequate RFC finding to the vocational expert.  The current RFC determination, however, failed to establish Mr. Marquis's standing and walking capacity. Without this finding, the vocational testimony did not constitute substantial evidence.

*Goff*, 421 F.3d at 794 (vocational testimony constitutes substantial evidence when given in response to a hypothetical question setting forth all of the claimant's impairments).

The current record does not contain reliable vocational evidence showing that Mr. Marquis could perform work as a Sales Clerk or Gate Attendant. Moreover, the burden of production shifted to the Commissioner at step five. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) (the Commissioner bears the burden at step five of establishing that there are a significant number of jobs available in the national economy which the claimant can perform). Without substantial evidence supporting a step five determination, the Commissioner failed to carry his burden.

### IV.   Conclusion:

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case must be remanded. Accordingly, the Commissioner's decision is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 12th day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE